## GREENMAN *v.* TOWNSHIP OF BATTLE CREEK.

1. Zoning—Ordinances—Appeal and Error—Moot Question.

    Plaintiff seeking a permanent injunction preventing a municipal corporation from enforcing certain provisions of its zoning ordinance on ground that ordinance is unconstitutional cannot successfully appeal when the trial court grants an injunction against such enforcement so long as enforcement remains unequal; the case is moot for the time being, since plaintiff obtained the relief he sought in that the ordinance cannot be enforced against him.

2. Costs—Public Question—Private Injury.

    Plaintiff who obtained injunctive relief against a municipal corporation preventing enforcement of certain parts of the municipal zoning ordinance on the ground that the ordinance was being enforced in a discriminatory fashion should have been awarded costs at the trial because, while the undecided question of the constitutionality of the zoning ordinance was a public one, the discrimination against plaintiff was private.

Appeal from Calhoun, Ryan (Ronald M.), J.   Submitted Division 3 October 9, 1968, at Grand Rapids. (Docket No. 4,257.)   Decided October 22, 1968.

Complaint by Robert E. Greenman against the township of Battle Creek, a municipal corporation, and its town board, for a permanent injunction against the enforcement of certain provisions of the township zoning ordinance.   Temporary injunction

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 761 *et seq.*
[2]  5 Am Jur 2d, Appeal and Error § 1009.

of indefinite duration granted. Plaintiff appeals. Affirmed, with costs to plaintiff in both courts.

*Hatch & Hatch,* for plaintiff.

*Vandervoort, McFee, Christ & Carpenter,* for defendant.

Per Curiam. Plaintiff kept a small "travel" trailer at his residence in Battle Creek township, Calhoun County. He was notified twice by township officials that this action violated the township zoning ordinance prohibiting the storage of unoccupied "trailer coaches" in the zoning district in which plaintiff lived.

Plaintiff brought action seeking a permanent injunction against enforcement of the ordinance. The trial court found that because of wide-spread storage of travel trailers in the township, the enforcement of the ordinance against plaintiff constituted unequal and unlawful discriminatory application of the zoning ordinance. As a consequence, the judgment signed by the trial judge enjoined enforcement against plaintiff "*  *  * so long as the township discriminates in the enforcement of said ordinance". No costs were awarded.

It appears that as the case reaches this Court, it is, for all intents and purposes, moot. Plaintiff received the relief he sought at the trial level (*i.e.* relief from enforcement of the ordinance), and the trial court's action constituted even-handed justice.

In view of the fact that plaintiff got the relief he sought, there is no need for this Court to reach the issue of the constitutionality of the ordinance. Our action in this case will not bar plaintiff from renewing the issue of constitutionality should he again seek to challenge the validity of the ordinance. The

trial court did not award costs to plaintiff on the basis that a public question was involved. It is the opinion of this Court that while the question was public, the discrimination against plaintiff was private and that he was entitled to costs.

Affirmed. Costs to plaintiff in the trial court and on appeal.

Lesinski, C. J., and Fitzgerald and Templin, JJ., concurred.